﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 200312-69889
DATE: September 29, 2020

REMANDED

Entitlement to service connection for Parkinson’s disease is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from May 1957 to May 1959. This matter comes before the Board of Veterans’ Appeals (Board) from a December 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran appealed the RO’s decision to the Board in March 2020 and elected the direct review docket. See March 2020 VA 10182, Notice of Disagreement. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Veteran asserts his Parkinson’s disease is due to exposure of mustard gas at Edgewood Arsenal during service. See May 2019 VA Form 21-526EZ, Fully Developed Claim; November 2019 VA Form 20-0995 Decision Review Request: Supplemental Claim. The AOJ determined that the Veteran has a current diagnosis of Parkinson’s disease and this is a favorable binding determination. 38 C.F.R. § 3.104(c). The Veteran reports in-service exposure of mustard gas at Edgewood Arsenal between 1957-1959, and his service treatment records (STRs) are missing and presumed to have been destroyed in a fire at the National Personnel Records Center in 1973. See June 2019 VA Form 21-3101. In these cases, the Board has a heightened obligation to the consider the benefit of the doubt doctrine, and concedes such exposure given the absence of STRs. Moreover, the nature and etiology of the Veteran’s Parkinson’s disease is not clear, as the opinion submitted by his private provider employs speculative language. See November 2019 Private Treatment Records (noting that “it is reasonable that it is as likely as not that his Parkinson’s may have developed secondary to mustard gas exposure during his time in the military”). Given this evidence, the duty to obtain an examination is triggered, and this pre-decisional duty to assist error should be corrected on remand. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his Parkinson’s disease. The entire claims file should be made available to the examiner. All findings should be reported in detail. 

Following the review of the claims file, the examiner should opine the following:

For diagnosed Parkinson’s disease, please opine as to whether it is at least as likely as not (50 percent or greater probability) that such disorder had its onset during or is otherwise etiologically related to the Veteran’s active service, to include as a result of conceded exposure to mustard gas therein.

In addressing this question, please discuss: (1) the Veteran’s statement regarding mustard gas exposure at Edgewood Arsenal (see May 2019 VA Form 21-526EZ, Fully Developed Claim); (2) the Veteran’s reporting of excessive exposure to mustard gas while in the military and how he feels this has progressed his disease (see October 2019 Neurology Department at Olean Medical Group Clinic Note); (3) the Veteran’s excerpt that the National Institute of Neurological Disorders and Stroke indicates Parkinson’s disease is a slowly progressive disorder and the use of the Hoehn and Yahr scales (see November 2019 VA Form 21-4138, Statement in Support of Claim); (4) the Veteran’s excerpt from Viartis.net and Sciencedirect.com indicating that a known cause of Parkinson’s disease is trichloroethylene (TCE) and three common mustard compounds are BCES (H), Ethyl-bis-(chlorethyl)-amine (E-BA) and Tris-(chloroethyl)-amine (TBA) and TBA is TCE, which known to be in mustard gas (Id.); and (5) the Veteran’s treating neurologist’s opinion relating that “it is reasonable that it is as likely as not that [the Veteran’s] Parkinson’s may have developed secondary to mustard gas exposure during his time in the military.”(see October 2019 Neurology Department at Olean Medical Group Clinic Note). 

In addressing this question, the examiner must assume items (1) and (2) as true, even despite the absence of “objective documentation.”

(c) Please state whether a nexus between the Veteran’s Parkinson’s disease and service is “medically consistent” with the exposure reported by the Veteran in items (1) and (2) above.

If unable to provide a medical opinion, provide a statement as to whether there is any additional evidence that could enable an opinion to be provided, or whether the ability to provide the opinion is based on the limits of medical knowledge.

 

 

S. BUSH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Victoria L. Stephens

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.